## O'Brien v. Zurich Insurance Company

*John T. Mulligan*, for plaintiff.

*George J. McConchie*, for defendant.

DE FURIA, J., July 9, 1968. — Plaintiff, by suit in trespass, obtained a judgment of $22,500 by default against one Donald McDowell. In the present action, in assumpsit, plaintiff seeks to recover this judgment from the defendant, the alleged liability insurance carrier for McDowell.

Plaintiff's original complaint herein merely alleged that the said McDowell had maintained a policy of liability insurance with defendant, which obligated defendant to defend McDowell and to pay such sum as might be awarded to plaintiff, wherefore defendant is obligated to pay said judgment.

Defendant filed preliminary objections on the grounds that plaintiff had not attached a copy of the insurance policy to the complaint, nor had he averred the specific language of the policy upon which he relied, as required by Pennsylvania Rule of Civil Procedure 1019(h).

Thereafter, plaintiff filed an amended complaint, as he was permitted to do under Pa. R. C. P. 1028(c).

However, the amended complaint was not allowed by court, nor did defendant waive any objections thereto, and defendant continues to press his preliminary objections. The voluntary filing of an amended pleading either under Pa. R. C. P. 1028 (c) or 1033 does not dispose of objections already on the record, so that now we must consider the sufficiency of the amended complaint against the objections raised.

The amended complaint merely adds to the former averment of the maintenance of a liability insurance policy the following: "Neither the original policy nor a copy thereof is accessible to the plaintiff as the same is within the exclusive possession of the defendant or its insured, Donald McDowell".

There are legal means for plaintiff to obtain a copy of the policy, or its relevant terms, but plaintiff relies upon Pa. R. C. P. 1019 (h) to sustain the sufficiency of his complaint. Rule 1019 (h) provides:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing".

Therefore, the issue is narrow: Has plaintiff "set forth the substance of the writing" since he now claims the writing is not accessible to him? Plaintiff has added nothing at all to the original complaint relative to the substance of the writing upon which he relies.

The amended complaint merely alleges, in effect, that a policy of liability insurance was issued by defendant to McDowell, and that defendant, therefore, is liable to plaintiff for his judgment against McDowell. Obviously, merely stating that a policy existed is not the same as attaching a "material part thereof"

or "setting forth the substance of the writing". What were the terms of this policy? What provisions therein placed liability under the circumstances upon the insurance carrier? What were the limits of liability? The answers to these questions are essential to, and must be shown in plaintiff's claim. The complaint, even as amended, fails to comply with the requirements of Pa. R. C. P. 1019 (h) as to the contents of the pleading.

Wherefore, the court enters the following order:

## ORDER

And now, this July 9, 1968, defendant's preliminary objections are sustained, and plaintiff is permitted to amend by filing a more specific complaint in accordance with this opinion within 25 days from the date hereof.